## LAW *et al.* *v.* McCORD.

The act approved September 4, 1908, entitled "an act to provide for the establishment of children's courts as branches of the superior courts," etc., *held* unconstitutional, because violative of article 6, section 9, paragraph 1, of the constitution of 1877, which provides for uniformity of the jurisdiction, powers, proceedings, and practice of all courts . . of the same grade or class," etc.

AUGUST 14, 1915.

Habeas corpus.    Before Judge Ellis.    Fulton superior court. June 30, 1914.

*Walter A. Sims,* for plaintiffs.    *Hugh Howell* and *Dorsey, Brewster, Howell & Heyman,* for defendant.

BECK, J.    R. E. Law and Mrs. R. E. Law brought their petition for a writ of habeas corpus, wherein they sought to release from custody Thomas and Marion Law, their children, alleged to be illegally detained in an institution known as the Home of the Friendless, in the city of Atlanta; it being alleged that they were so detained under an alleged commitment by the judge of the superior court of Chatham county.    This commitment was issued under the provisions of an act approved September 4, 1908, entitled "an act to provide for the establishment of children's courts as branches of the superior courts," etc.    Acts 1908, p. 1107.    This act was attacked as unconstitutional, upon several grounds.    At the conclusion of the hearing the judge denied the writ, and the petitioners excepted.

It is declared by article 6, section 9, paragraph 1, of the constitution of this State (Civil Code of 1910, § 6527) : "The jurisdiction, powers, proceedings, and. practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be. uniform.    This uniformity must be established by the General Assembly."    The caption of the act of 1908, which is challenged by the petition in this case as being unconstitutional, is as follows: "An act to provide for the establishment of children's courts as branches of the superior courts; to define their jurisdiction and powers; the officers thereof; the compensation, duties, and powers of such officers; and for other purposes."    It is declared in express terms that the purpose of the act is to provide for the establish-

ment of children's courts as branches of the superior courts. By section 2 of the act (Penal Code of 1910, § 886) it is provided that children's courts may be established in any county of the State, by the concurrent recommendation of two grand juries at different terms of court. By section 4 (P. C. § 887), it is provided that the judge of any superior court may preside over such court. Whenever he is absent from the county, or the business of the superior court shall, in the opinion of the judge, need his attention in preference to the children's court, the judge of any city court of the county may preside in the children's court, with all the powers and rights of the judge of the superior court under this act. In no other county than one in which there has been a recommendation of two successive grand juries can a judge of the superior court call in a judge of a city court to preside in his stead because he wishes to be absent or is busy with other work of the superior court.

By section 9 of the act (Penal Code of 1910, § 895), it is provided: If on the hearing the court finds that a child is a delinquent or wayward child, it may (a) release the child on probation upon such terms and conditions, and for such period of time, as the court may think fit; or (b) commit the child for such period of time as the court may think fit, either to an institution or to the care of some person who is willing to undertake such care; or (c), if such child is over ten years of age, commit the child to take his trial according to law. In the event such child is convicted of an offense not punishable by death or imprisonment for life, the court may (1) release the child on probation upon such terms and conditions, and for such period of time, as the court may think fit; or (2) commit the child, for such period of time as the court may think fit, either to an institution or to the care of some person who is willing to undertake such care; or (3) sentence the child according to law. In addition to such sentence for the offense, the court may commit the child, at the expiration of such sentence, to the Georgia State Reformatory; or may, instead of any other sentence, commit the child forthwith to the Reformatory. What court is referred to in this section of the act? Evidently the superior court. That court has exclusive jurisdiction in cases of felony. Constitution of 1877, article 6, section 4, paragraph 1 (Civil Code of 1910, § 6510). If, therefore, the act sought to confer upon any

other court than the superior court the power to try felony cases, it would. be unconstitutional. When it says that, "In the event such child is convicted of an offense not punishable by death or imprisonment for life, the court may" do one of several things, this is broad enough to include felonies as well as misdemeanors; so it evidently must refer to a court which has the power to try felonies; that is, the superior court, not some special court in which the judge of the superior court might preside. Indeed the whole act shows that it is dealing with the children's court as a branch of the superior court. So construing the section last quoted, it will be seen that the act undertakes to confer upon the superior court in a particular county, upon the recommendation of two successive grand juries, the power to sentence a child over ten years of age (and apparently under sixteen, by reference to section 7 of the act—Penal Code of 1910, § 891), who has been convicted of a misdemeanor or a felony not punishable by death or imprisonment for life, either to the punishment provided by the Penal Code for the offense which he has committed, or to release him on probation on such terms and conditions and for such time as the court may think fit, or to commit him to an institution or to the care of some person who is willing to undertake such care; and also authorizes the judge, in addition to the sentence prescribed by law, to commit the child, at the expiration of the sentence, to the Georgia State Reformatory, or, instead of any other sentence, to commit the child to the Reformatory. In all other counties of the State, where two grand juries have not recommended the establishment of a children's court as a branch of the superior court, if a child is of sufficient age to be convicted and is convicted of a felony or a misdemeanor, he must receive the punishment prescribed for the offense of which he has been convicted.

By section 10 of the act (Penal Code of 1910, § 896), it is provided that if a child who has been released on probation breaks the terms or conditions of the release, or if it appears to the court that it is to the best interest of such child to take the same away from any person or institution to whose care such child has been committed, the child may again be brought before the court and dealt with under the provisions of this act, as if it had not been released or committed. By section 12 (P. C. § 898), it is provided that the judge of the superior court of the county may make regulations

for the visitation and inspection of institutions and places where children are placed under the act; may provide for the employment, education, discipline, and punishment of children dealt with under the act; may provide for the appointment of a deputy solicitor-general, when in his discretion it may be necessary in order to secure the best results; may appoint a probation officer and such other officers as the court may think necessary in order to carry out the provisions of the act; may prescribe the duties of the officers employed, and may impose a penalty of not exceeding $100 for the breach of any regulation under the act. By section 13 (P. C. § 900), it is provided that the judge of the superior court of the county shall fix the compensation of the "deputy solicitor-general," the probation officer, and any other officers employed in carrying out the act; and that all salaries and other expenses provided for in the act shall be paid out of the county treasury, upon the certificate of the judge of the superior court, as other court expenses are now paid. No limit is placed upon the power of the judge in fixing the amount of these salaries. He is authorized to require payment of the salaries and expenses which he may allow from the county treasury. The constitution provides for a solicitor-general. This act authorizes the judge of the superior court to appoint a hitherto unknown officer called a "deputy solicitor-general." It does not prescribe his duties nor limit his salary, leaving the latter to be fixed by the judge of the superior court.

We have thus taken a limited survey of the entire act, in order that it might appear what was meant by the establishment of a children's court upon recommendation of the grand jury, which was provided for in the second section of the act. This was attacked on the ground that it violated the constitutional provision requiring uniformity of the jurisdiction, powers, proceedings, and practice in courts of the same grade or class. Civil Code (1910), § 6527. Perhaps we might take a narrow and technical view, and say that section 2 of the act (Penal Code of 1910, § 886) provides for the establishment of a children's court but does not contain provisions in regard to its powers, proceedings, or practice; and that the 4th section of the act (Penal Code, 1910, § 887) makes provision only in regard to the presiding officer. But we are not inclined to thus avoid deciding the real point made by the plaintiffs. Substantially they attack, not the creation of children's courts

generally, or theoretically, or abstractly, but the children's courts for the establishment of which provision was made by that act, namely, the children's courts as branches of the superior courts, with the jurisdiction and powers in that act prescribed. Thus the plaintiffs attack this act and point out the section of the constitution which the establishment of such courts, in the manner stated and with the powers and jurisdiction prescribed, as branches of the superior courts, would violate. It is evident that the jurisdiction, powers, proceedings, and practice in superior courts with branches called children's courts, as provided for in this act, are not uniform with superior courts in other counties where such courts have not been established; and this radical difference in the superior courts of different counties is made to depend upon the recommendation of two grand juries. Whatever may be said of the merits of children's courts to look after wayward or delinquent children, we can not uphold an act which practically destroys the uniformity in powers and practice in the superior courts of the different counties of the State, which is required by the constitution, by the mere recommendation of two grand juries. If the jurisdiction of those courts and their powers, proceedings, and practice can be varied in matters involving conviction of felonies and misdemeanors, or persons guilty of such offenses, because two grand juries recommend such variance in different counties, it would seem that a similar variation might be made in regard to old men or old women, or foreigners who can not speak the English language, or sick persons, so that upon the recommendation of the grand jury they might be sentenced in one way if convicted of crime in one county, and sentenced in a different way if convicted of crime in another county.

The attack upon the act on the ground that it is not a general law and is therefore violative of article 1, section 4, paragraph 1, of the constitution (Civil Code of 1910, § 6391), is without merit. Relatively to that section there may be legitimate classification; but this does not authorize a violation of the other section of the constitution providing for uniformity in the courts of the same grade.

What has been said above renders it unnecessary to discuss the other criticisms made upon the act.

*Judgment reversed. All the Justices concur.*