WAGES *v.* MORGAN, ordinary.

No. 8644. JANUARY 14, 1932.

*Alexander & McLarty,* for plaintiff.

*Claude C. Smith, solicitor-general,* and *Carl T. Hudgins,* for defendant.

HINES, J.   Mrs. J. E. Wages filed her petition against V. S. Morgan, as ordinary of DeKalb County, in which she made this case:   She is the mother of J. W. Wages, who was 12 years old in July, 1930.   He is now in prison in the Georgia Training School for Boys, at Milledgeville, where he is held upon commitment issued by said ordinary, and he has been so held for more than six months.   No other warrant or process of any kind exists as authority for said imprisonment.   He was committed under the act of August 19, 1916 (Acts 1916, pp. 58, 60; 11 Park's Code, § 900(oo)), which is fully set out hereinafter).   On November 22, 1924, the judge of the superior court of DeKalb County passed an order under the provisions of said act, in which he designated the court of ordinary of said county to act and be known as the juvenile court of said county until further order of the court. About September, 1930, upon some claim to the effect that her son had violated a penal law of Georgia, said ordinary, claiming to be judge of the juvenile court of said county, sentenced petitioner's son to an indeterminate imprisonment in said school, and issued a commitment or warrant to that effect.   Under said warrant the sheriff of said county sent her son to said school, where he has been imprisoned constantly ever since.   Said act of 1916 and said order of November 22, 1924, jointly operate to nullify and defeat the provisions of par. 1 of sec. 9 of art. 6 of the constitution of this State, which provides that "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform.   This uniformity must be established by the General Assembly."   Such violation of the constitution consists in the fact that the court of ordinary of said county is a constitutional court of the same grade or class as like courts in every county in Georgia, so far as regulated by law, the force and effect of whose processes, judgments, and decrees are by said provision required

to be uniform.  By the act of 1916 the effort has been made to clothe the court of ordinary of DeKalb County with all the powers embraced in the act of 1915 (Ga. L. 1915, p. 35), when functioning as a juvenile court.  For these reasons the act of 1916 is unconstitutional and void; and the ordinary of said county had no authority whatever for so committing petitioner's son, and his imprisonment under such commitment is unwarranted.  Petitioner prays that the writ of quo warranto issue, directed to said ordinary, calling upon him to show by what warrant of law he acts as a juvenile court, and that it be adjudged that said designation of the court of ordinary to act and be known as a juvenile court was and is contrary to the constitution of this State and void, and that the commitment of petitioner's son to said training school was and is unwarranted.

The defendant demurred generally on the ground that the petition set forth no cause of action.  On August 22, 1931, the court entered judgment dismissing the proceeding.  The petitioner excepted, assigning error upon the grounds that (a) the court of ordinary was without jurisdiction as a juvenile court, and in attempting so to function that court was proceeding in violation of par. 1 of sec. 9 of art. 6 of the constitution of this State; (b) the court erred in holding that said court of ordinary was a valid and constitutional court and authorized to act as a juvenile court; whereas it should have been held that said court was not a valid and constitutional court, because it was proceeding and attempting to function in violation of the above constitutional provision; (c) it should not have been held that said court of ordinary was authorized to act as a juvenile court, but on the contrary it should have been held and adjudged that any attempt of said court to act as a juvenile court for said county was in violation of said provision of the constitution of this State; and (d) said judge should not have dismissed the proceeding.

The sole question discussed by counsel for the parties in this case and presented to us for decision is whether that portion of the act of August 19, 1916, which makes it mandatory upon the judge of the superior court, in counties having a population of less than 60,000, to designate an existing court of record to act and be known as the juvenile court of such county, violates par. 1 of sec. 9 of art. 6 of the constitution of this State.  This part

of the act of 1916 provides, that, "in all counties having a population of less than sixty thousand (60,000), the judge of the superior court shall designate an existing court of record to act and be known as the juvenile court of said county. This shall involve no additional expense, shall create no new court or judge, but shall merely clothe an existing tribunal with additional powers." The paragraph of the constitution declares that the jurisdiction, powers, proceedings, and practice of all courts invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform, and that such uniformity must be established by the General Assembly. It will be perceived that the above act does not attempt to create any new court or judge, but merely clothes an existing tribunal with additional power. The power of the legislature to create juvenile courts in this State is not involved; and the existence of such power may be conceded in passing upon the constitutional question raised in this case. The act of 1916 empowers and requires the judge of the superior court to designate an existing court of record to act and be known as the juvenile court in any county with a population of less than 60,000. The court of ordinary is a court of record in this State; and under the above act the judge of the superior court can designate that court in any of such counties as the juvenile court. The act expressly provides that its purpose is not to create any new court or judge, but that its purpose is merely to clothe an existing tribunal with additional power, that is, with additional jurisdiction. The constitution provides that the jurisdiction, powers, proceedings, and practice of all courts in this State (except city courts), of the same grade or class, shall be uniform, and that this uniformity must be established by the legislature. All the courts of ordinary in this State are of the same class. Under the above provision of the constitution is it competent for the General Assembly to confer upon the judge of the superior court authority to designate the court of ordinary of a county having a population of less than 60,000 to act and be known as the juvenile court of such county? Can the legislature, under the above constitutional provision, confer such power and jurisdiction upon some courts of ordinary, and leave other courts of ordinary without such power

and jurisdiction? If such power and jurisdiction were conferred by the legislature upon all the courts of ordinary of this State, such legislation would not offend this provision of the constitution and would be valid.

Can the legislature establish juvenile courts in all counties in this State having a population of less than 60,000? Very broad power is conferred by the constitution upon the General Assembly in the matter of establishing courts. Par. 1 of sec. 1 of art. 6 of the constitution declares that "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law." The constitution does not undertake to define the jurisdiction and powers of the courts mentioned in this section or those which may be created thereunder. It leaves this matter to the General Assembly. Under this broad power, the legislature can create juvenile courts having uniform jurisdiction, powers, proceedings, and practice. Under this very broad power conferred upon the legislature by this provision of the constitution, the legislature may be authorized to classify counties for the purpose of creating juvenile courts; and create such courts with uniform jurisdiction, powers, proceedings, and practice. This question, however, is not involved in this case, and we make no ruling thereon.

Under the above provision of the constitution, which requires that courts of the same grade or class shall have uniform jurisdiction, powers, proceedings, and practice, the legislature can enlarge the jurisdiction of courts of ordinary so as to empower them to act as juvenile courts in their respective counties. But under this constitutional provision it is not competent for the legislature to enlarge the jurisdiction of the courts of ordinary in certain counties so as to authorize them to exercise the powers of juvenile courts therein. Such extension of the jurisdiction of the courts of ordinary in certain counties, leaving such courts in other counties without such enlarged jurisdiction, violates the provision of the constitution requiring uniform jurisdiction of courts of the same grade or class; and instead of preserving such uniformity, as required by this provision of the constitution, such enlargement of the jurisdiction of some courts of ordinary, leaving

others without such enlarged jurisdiction, would destroy the uniformity required by the constitution. Whenever the General Assembly may desire to enlarge the jurisdiction and powers of a court of record in order to confer upon it the powers of a juvenile court, it can do so, provided the enlargement applies to all courts of the same grade or class. The enlargement by the General Assembly of the jurisdiction and powers of a court of record in some counties so as to enable such courts to discharge the functions of juvenile courts, leaving such courts of record in other counties without such enlarged jurisdiction, violates the above uniform jurisdiction and practice provision of the constitution, and renders an act passed for that purpose unconstitutional and void. *Law v. McCord,* 143 *Ga.* 822 (85 S. E. 1025).

So we are of the opinion that the act of 1916, which undertakes to confer upon courts of record in certain counties additional jurisdiction and powers, in order that they may act as juvenile courts in such counties only, violates par. 1 of sec. 9 of art. 6 of the constitution, and is for this reason unconstitutional and void. It follows that the court of ordinary of DeKalb County is without constitutional authority to function as a juvenile court under the above provision of the act of 1916; and that the trial judge erred in holding to the contrary.

*Judgment reversed. All the Justices concur.*