WRENN *et al.,* executors, *v.* ALLEN.

ATKINSON, Justice. 1. "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." Code of 1933, § 110-704. "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705.

2. "A motion to set aside a verdict, based on matters not appearing on the face of the record, is not an available remedy to avoid the verdict, unless the motion is of such form and content as to be in substance a motion for a new trial, and complies with the rules governing such a motion. . . A motion or petition to set aside a verdict and judgment should be distinguished from a technical motion to set aside a judgment alone. Civil Code (1910), §§ 5957-60 [1933, §§ 110-702 et seq.]; *Firemen's Ins. Co.* v. *Oliver,* 176 *Ga.* 80, 82 (167 S. E. 99). It should also be distinguished from an independent suit in equity to set aside a verdict and judgment. *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167)." *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684); *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (177 S. E. 685).

3. None of the grounds were sufficient to require the judge to set aside the verdict, or to arrest the judgment, or to enter a decree for the defendants.

*Judgment affirmed. All the Justices concur.*

No. 10468. MAY 18, 1935.

614

*E. Lee Douglas,* for plaintiffs in error.   *J. Mallory Hunt,* contra.