CITY OF ATLANTA *v.* WILSON; *et vice versa.*

Nos. 18060, 18061. ARGUED JANUARY 15, 1953—DECIDED FEBRUARY 9, 1953.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin* and *Henry L. Bowden,* for plaintiff in error.

*Albert E. Mayer,* contra.

DUCKWORTH, Chief Justice. The petition of Fred B. Wilson against the City of Atlanta, seeking to enjoin the city from condemning his land for public use, alleges that the city was proceeding in a manner prescribed by Georgia Laws, 1952, p. 29, and the petition attacked the 1952 act upon numerous constitutional grounds, among which were that the act offended the equal protection clause (Code, Ann., § 2-102), and the uniformity clause (Code, Ann., § 2-401). The exception here is to the judgment overruling certain grounds of the demurrer, and the cross-bill of exceptions is to the sustaining of certain grounds of the demurrer.

Section 2 of the 1952 act provides in part as follows: "The terms and provisions of this Act shall be applicable to all municipalities and/or counties in the State having a population of more than 250,000 according to the last or any future Federal decennial census." In section 3 it is provided that, "whenever the governing authorities of any such municipality or county . . is authorized by law to condemn property for any public purpose," it may file a proceeding as provided in Code (Ann. Supp.), § 36-1104 (Ga. L. 1914, p. 92; 1937-38, Ex. Sess., pp. 251, 253), and request therein that the court follow the procedure outlined in the 1952 act. The foregoing references to the act unmistakably show that the procedure therein provided for is available to only those cities and counties which have the population therein prescribed, and that such cities and counties are authorized to employ that procedure wherever and whenever they seek to condemn private property for public purposes, irrespective of whether such property is located within or without the limits of such city or county. It is therefore plain that the 1952 act is simply a legislative attempt to confer upon a limited number of municipalities and counties the benefit of the procedure therein provided while denying that procedure to all other cities and counties with populations of less than 250,000, and the sole basis for such attempted classification is population. Population in no wise affects or relates to such a privilege. We do not have here a case where condemnation by pro-

cedures required by the act is restricted to properties located within cities and counties with a population of more than 250,-000. In order to constitutionally classify for legislation, the basis for classification must relate to the object or purpose of the legislation. *Geele* v. *State*, 202 *Ga.* 381 (43 S. E. 2d, 254, 172 A. L. R. 196).. As pointed out by the trial judge, this act empowers both the City of Atlanta and Fulton County to adopt the procedure therein provided for the purpose of condemning private property for public purposes although the property be located in Habersham or some other county of this State having a population of less than 250,000. It is obvious, therefore, that the act offends art. 1, sec. 1, par. 2 of the Constitution (Code, Ann., § 2-102), which forbids discrimination and requires equal protection. It also offends art. 1, sec. 4, par. 1 of the Constitution (Code, Ann., § 2-401), which requires uniformity and forbids a special law where there is a general law, the general law here being chapter 36 of the Code as amended.

The court, therefore, did not err, as contended in the main bill of exceptions, in overruling the demurrer assailing that portion of the petition which alleged a violation of the uniformity required by the Constitution, but the court did err, as contended in the cross-bill of exceptions, by sustaining the demurrer to that portion of the petition which alleges that the act offended the equal-protection clause of the Constitution. For the foregoing reasons, the judgment is affirmed on the main bill and reversed on the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill of exceptions. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*