18560.  CITY OF ATLANTA *v.* SIMS.

HAWKINS, Justice. Lowry A. Sims brought his petition against the City of Atlanta, wherein he sought to enjoin the city from proceeding to condemn certain property of the plaintiff for right-of-way of the North-South Expressway, and in which the city had elected to proceed pursuant to the provisions of the act of the General Assembly of 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 360), wherein it is provided that the procedure thereby prescribed could be resorted to by counties and municipalities having a population of more than 250,000, or by counties having partly within their boundaries a municipality having a population of more than 250,000, according to the last or any future Federal decennial census. The act of 1953 was attacked upon numerous constitutional grounds, among which were: that the act offended the equal-protection clause (Code, Ann., § 2-102); the uniformity clause (Code, Ann., § 2-401), and article VI, section IX, paragraph I of the Constitution (Code, Ann., § 2-4401), which provides that "the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except City Courts) of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree, by such courts, severally, shall be uniform." To the judgment overruling a general demurrer to this petition the City of Atlanta excepted. *Held:*

1. The act of 1953 is almost identical with the act of 1952 (Ga. L. 1952, p. 29), which this court, in *City of Atlanta* v. *Wilson,* 209 *Ga.* 527 (74 S. E. 2d 455), held to be violative of the two constitutional provisions first above stated. The act of 1953, as did the act of 1952, attempts to confer upon the limited number of municipalities and counties the benefit of the procedure therein provided, while denying that procedure to all other cities and counties with populations of less than 250,000. As pointed out in the *Wilson* case, supra, "Population in no wise affects or relates to such a privilege," and what was there said as to the invalidity of the act of 1952 applies with equal force to the act of 1953. The principal differences in the two acts, insofar as the questions here dealt with are concerned, is that the act of 1953 does not empower the counties and municipalities therein classified to condemn private

property for public purposes in other counties, as did the act of 1952, but the act of 1953 does, while the act of 1952 did not, make the special procedure available also to "any county having partly within its boundaries a municipality having a population of more than 250,000," thus according the benefit of the special procedure to DeKalb County with a population of only 136,395, because it has partly within its boundaries the municipality of Atlanta with a population of more than 250,000, while Chatham County, with a population of 151,481, is denied the benefit, thus demonstrating that the attempted classification because of population is purely arbitrary.

2. The act of 1953 is also violative of article VI, section IX, paragraph I of the Constitution (Code, Ann., § 2-4401), since it seeks to confer upon the superior courts of counties having a population of 250,000 and counties having partly within their boundaries a municipality with a population of more than 250,000, powers different from those vested in the superior courts of all other counties in the State, and authorizes the superior courts of counties coming within the population classification there made practices and procedure different from those permitted in the superior courts of all other counties in the State, in that under the act of 1953 the superior court is authorized to appoint a master to pass upon the question of damages in the condemnation of private property for public purposes, whereas in all other counties this question is to be determined by a board of three assessors, one of whom is selected by the condemnee. Under the act of 1953, a condemnation proceeding in the counties thus classified may cover one or more separate tracts of property provided all relate to a common public project, and the superior court in those counties may issue writs of possession for the property thus condemned, while no such power is conferred upon the superior court of any other counties not coming within the classification prescribed by the act. *Law* v. *McCord,* 143 *Ga.* 822 (85 S. E. 1025); *Wages* v. *Morgan,* 174 *Ga.* 158 (162 S. E. 380).

*Judgment affirmed. All the Justices concur.*

Submitted April 14, 1954—Decided May 12, 1954.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland,* for plaintiff in error.

*Joseph S. Crespi, John E. Feagin,* contra.

*Wm. G. Grant,* for party at interest not party to record.