20196. HIX, County School Superintendent, *et al. v.* RAMEY.

HAWKINS, Justice. The petition for mandamus brought by the plaintiff, H. Grady Ramey, a school bus driver of Chattooga County, against Lowell S. Hix as County Superintendent of Schools, and O. L. Cleckler, W. B. Farrar, M. C. Hartline, R. L. White, and R. W. Bagley as members of the Board of Education of Chattooga County, sought to require the defendants to pay him $3,997.66, which he alleges to be due him under the terms of the proviso appearing at the end of section 1 of the act of the General Assembly of 1952 (Ga. L. 1952, p. 400). This amendment to the Minimum Foundation Program of Education Act of 1949 authorizes the State Board of Education to calculate the amount of funds needed by the County School Systems to defray the expenses of pupil transportation by use of a formula therein prescribed; to annually fix a schedule of minimum salaries which shall be paid to drivers of school busses in all counties of the State, which

salary schedule shall be uniform for all bus drivers transporting twelve or more school children; provides that county school authorities may not pay to any such bus operator in its employment a salary less than the minimum salary prescribed by the State Board of Education, but that they may supplement the salaries of any of their bus operators; and that funds granted to a local unit of administration for transportation shall be spent only for transportation purposes. There is added at the end of section 1 of said act the following: "Provided, however, notwithstanding any of the provisions of this Act to the contrary, that upon the passage and approval of this Act, all school bus drivers employed by county boards of education, to drive school busses shall receive $25.00 per month for ten months each year in addition to their 1951-52 salary, and all contract school bus drivers, joint ownership or otherwise, shall receive $50.00 per month for ten months each year in addition to their 1951-52 contracts." Plaintiff alleges that, under the terms of this proviso, there is due him for the school years 1953-54, 1954-55, and 1955-56, the sum above stated, and he seeks a mandamus absolute to require the defendants to pay him this sum. To this petition the defendants demurred generally upon the ground, among others, that this proviso of the act is violative of Art. 1, Sec. 4, Par. 1 of the Constitution of 1945 (Code, Ann., § 2-401), in that it is a special law made in derogation of existing general law; that it is not of a general nature and cannot have uniform operation as to all parties in the State of Georgia, but is a special law affecting only the bus drivers with contracts during the year 1951-52. This demurrer the trial court overruled, and, after hearing evidence and considering certain stipulations of fact, granted a mandamus absolute. A motion for new trial was filed by the defendants, and to the judgment overruling the demurrer and the motion for new trial the defendants excepted. *Held:*

1. The proviso appearing at the end of section 1 of the act of the General Assembly of 1952 (Ga. L. 1952, pp. 400, 402), above quoted, is limited by its express terms to the bus drivers who had 1951-52 contracts, and does not apply uniformly to all persons coming within the terms of the act, i. e., school bus drivers through the State transporting twelve or more school children, and, therefore, is violative of Art. 1, Sec. 4, Par. 1 of the Constitution of 1945 (Code, Ann., § 2-401), which pro-

466

vides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." While it has been held that acts which have been classified upon some basis that has a reasonable relation to the subject matter of the law, and furnishes some legitimate grounds of differentiation, are general and not special laws, there can be no reason for classifying school bus drivers because they had contracts for the year 1951-52, and making them come within the purview of an act because they had such contracts, and excluding from its provisions all other bus drivers who did not have contracts for that particular year. Such a classification is purely arbitrary, and the portion of the act demurred to is invalid for the reasons urged. *Union Savings Bank &c. Co.* v. *Dottenheim,* 107 *Ga.* 606 (34 S. E. 217); *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); *City of Atlanta* v. *Wilson,* 209 *Ga.* 527 (74 S. E. 2d 455); *City of Atlanta* v. *Sims,* 210 *Ga.* 605 (82 S. E. 2d 130).

2. Under the foregoing authorities, the trial judge erred in overruling the demurrer to the petition, in thereafter granting a mandamus absolute against the defendants, and in denying the motion for a new trial.

3. The foregoing ruling being controlling, other questions raised need not be passed upon.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Thomas J. Espy, Jr.,* for plaintiffs in error.
*Bobby Lee Cook, F. H. Boney, A. Cecil Palmour,* contra.

