## 20457. CHATTOOGA COUNTY *v.* SCOTT.

HAWKINS, Justice. This case comes to this court by reason of an equal division of the Judges of the Court of Appeals, Judges Felton, Gardner, and Townsend being for affirmance, and Judges Carlisle, Quillian, and Nichols being for reversal. The record discloses that on April 30, 1958, John F. Scott filed his petition, to which process was attached, against Chattooga County, being Case No. 2202 in the superior court of that county, praying that a judgment, dated December 12, 1956, in Case No. 1831 in that court, a condemnation proceeding, be set aside under the following facts: That plaintiff is and

has been a resident of said county for over fifteen years; that, on November 13, 1956, he was visiting his son, Lewis O. Scott, at the latter's residence, 5843 South Figueroa Street, Los Angeles, California, all of which was known to the defendant; that, during that time Chattooga County brought proceedings to condemn 1.02 acres of land in which plaintiff owns a seven-twelfths interest; that plaintiff was not served with a copy of the petition to condemn the land; that the Ordinary of Chattooga County did, on November 13, 1956, mail a copy of the condemnation petition addressed to the plaintiff, "C/o L. O. Scott, 58435 Figuiora St., Los Angeles, Calif.," which was returned to said ordinary by the postal authorities because of the incorrect address; that plaintiff had no notice of the condemnation proceeding until he returned from California in the latter part of January, 1957; that the appraisers appointed in said proceeding valued the property sought to be condemned at the sum of one dollar, which was an unlawful and fictitious award—it being alleged that the land taken had a fair market value of $150 per acre; and that the appraisers found no consequential damages. Plaintiff alleges that he sustained consequential damages because the condemned land cut his premises into two parts by a public road, the level of which was raised so as to make it impossible to cross the strip with farm machinery or equipment, prevented the natural flow of surface waters, and caused plaintiff's property to be overflowed by surface water in times of heavy rains to a depth of two feet or more, and completely inundates the house, covering the floor with water, and making it uninhabitable.

To this petition the defendant filed a general demurrer, and also a plea of res judicata, setting out the pleadings and record in the condemnation case, which showed that the plaintiff was there alleged to be a resident of California, and that the ordinary did forward a letter to him at the address set out in the present petition, which plaintiff alleges was not the address of the place where he was visiting, and that the letter was never delivered to the plaintiff, but was returned to the ordinary by the postal authorities.

The trial court entered a judgment dismissing the plea of res judicata, and overruled the general demurrer to the petition. To these judgments the defendant excepts. *Held:*

1. A condemnation proceeding under the power of eminent do-

main, even if it be considered as an action in rem, is a statutory proceeding, and statutory requirements as to service must be observed. *Thomas* v. *City of Cairo,* 206 *Ga.* 336 (57 S. E. 2d 192) ; 29 C. J. S. 1217, § 245. Unless service is acknowledged or waived, Code § 36-304 requires that notice be served on the owner of the property or any interest therein, if a resident of this State. In case of nonresidents, under Code § 36-309, notice is to be served upon the person in possession, and a copy of said notice mailed by the ordinary to the nonresident owner at his address, if known. It, therefore, affirmatively appears from the allegations of the petition that the plaintiff here was not served in the condemnation proceeding according to the statutory requirements so as to bring him within the jurisdiction of the court.

2. Where a party to a proceeding has neither acknowledged nor waived service, and the court has not acquired jurisdiction of the person by service in the manner prescribed by law, a judgment rendered in such proceeding is void, though the court had jurisdiction of the subject matter. *Foster* v. *Foster,* 207 *Ga.* 519, 522 (63 S. E. 2d 318), and cases there cited. It follows that the petition here stated a cause of action, and the trial court did not err in overruling the general demurrer.

*(a)* The present proceeding is not a motion to set aside a judgment for defects not amendable appearing on the face of the record or pleadings, such as is provided for by Code § 110-702, and that Code section and the authorities cited and relied on by counsel for the plaintiff in error, dealing with such a motion, have no application here. *Wrenn* v. *Allen,* 180 *Ga.* 613 (180 S. E. 104).

3. The fact that the plaintiff discovered the award of the assessors here sought to be set aside in January, 1957, and that this petition was not filed until April, 1958, does not show such laches as to bar him as a matter of law, as contended by the defendant. Code § 3-702 provides that proceedings to set aside judgments of the court shall be brought within three years from the rendition of such judgments. See, in this connection, *Foster* v. *Foster,* 207 *Ga.* 519, supra.

4. The plea of res judicata being based on the judgment rendered in the condemnation proceeding, the trial judge did not err in dismissing the plea.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1959—DECIDED MAY 8, 1959.

*F. H. Boney,* for plaintiff in error.
*Robert Edward Surles,* contra.