21065.　MITCHELL, Executor v. STATE　HIGHWAY
DEPARTMENT.

SUBMITTED NOVEMBER 14, 1960—DECIDED JANUARY 5, 1961.

**518**

*John G. Cozart,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Summerour, Carter Goode, Assistant Attorneys-General, Joseph M. Rogers,* contra.

MOBLEY, Justice. ■ Although the plaintiff, in his capacity as executor of the estate of W. E. Mitchell, should have been served with notice of the condemnation proceeding, the fact that he was served with notice as one of the eight "owners" of the land gave him knowledge of the proceeding. Since that was an action in rem and since the plaintiff herein had notice of the proceeding (*Cook v. State Highway Board,* 162 Ga. 84, 101, 102, 132 S. E. 902), he could have intervened as executor to protect the interests of the estate, under the provision of *Code* § 36-1113 that anyone claiming any interests or rights in the the subject property might intervene in the condemnation proceeding. He was in no way harmed by reason of the condemnor's failure to give him official notice in ·his capacity as executor.

This case differs from *Chattooga County v. Scott,* 215 Ga. 68 (108 S. E. 2d 876), in that there the owner of the condemned land had neither notice nor knowledge of the condemnation proceeding. Furthermore, the condemnation there dealt with proceeded under Chapter 36-3 of the Code, which does not provide for intervention by any person claiming an interest in the property, whether or not such person was served with notice.

■ The question presented by the general demurrer is whether this separate equitable action will lie to enjoin the condemnation proceeding brought in rem against the land under Chapter 36-11, where the condemnor proceeds without authority of law as under an unconstitutional statute. This court in *State Highway Dept. v. H. G. Hastings Co.,* 187 Ga. 204, 207 (199 S. E. 793, 133 A. L. R. 1), held that, under those circumstances, the separate equitable proceeding would lie because the remedy at law was not adequate and complete, since "the condemnee is not fully protected ·by the mere filing of such a defense in the proceedings themselves, against the condemnor's right under the *Code,* § 36-602 to 'pay or tender to the owner the amount of the award,' and in case

of refusal to 'deposit the amount awarded with the clerk of the superior court for the benefit of the owner,' and thereupon to enter on the land (*Oliver v. Union Point &c. R. Co.*, 83 Ga. 257 (4), 9 S. E. 1086; *Savannah, Fla. &c. Ry. Co. v. Postal Telegraph-Cable Co.*, 115 Ga. 554 (4), 561, 42 S. E. 1)." We are of the opinion that the reasoning upon which the court reached its conclusion is unsound and the conclusion reached is erroneous.

Unlike the condemnation act of 1894 as amended (*Code Ann.* §§ 36-301—36-504, 36-507—36-607), Chapter 36-11 of the Code provides that the condemnor shall file a petition in the superior court of the county where the land lies, seeking an in rem judgment against the property (*Code Ann.* § 36-1104); that all persons concerned may come into court to assert "any other matters material to their respective rights," in addition to their claims as to the value of the property or as to their interest in the property (*Code* § 36-1106); and that any person "claiming an interest or any rights therein may file appropriate pleadings or intervention at any time before verdict or award, and be fully heard thereon." *Code* § 36-1113. Thus, Chapter 36-11 makes adequate provision for anyone claiming an interest in the subject property to assert equitable as well as legal rights to the property in the condemnation proceeding itself (*Russell v. Venable*, 216 Ga. 137, 143 (4), 115 S. E. 2d 103; *Code* § 37-901); and there is no need, when condemnation proceeds under this chapter, for one claiming an interest in the property to institute a separate suit to assert equitable rights or to attack the constitutionality of the legislative act itself. The condemnee has a complete and adequate remedy in the condemnation proceeding. He can, in that proceeding, secure all the relief sought by him in his equitable petition. The court has the power to enjoin the condemnor from taking possession of and entering upon the land until the issues made by the petition and defensive pleadings have been determined. See *Fulton County v. Aronson*, 216 Ga. 497 (117 S. E. 2d 166), and *Johnson v. Fulton County*, 216 Ga. 498 (117 S. E. 2d 155).

In *Martin v. Fulton County*, 213 Ga. 761, 763 (2) (101 S. E. 2d 716), this court pointed out: "Prior to the enactment of Chapter 36-11 of the Code (Ga. L. 1914, pp. 92-96, as amended by Ga. L. 1937-38, Ex. Sess., pp. 251-255), there were no pleadings in a condemnation proceeding, and no hearings pro-

vided for before the presiding judge (prior to appeal). In such proceedings (under Chapter 36-3 of the Code), questions pertaining to the right to condemn, the constitutionality of the proceedings, and similar questions, can be made by the condemnee only in a separate bill in equity. See *Board of Commissioners of Decatur County v. Humphrey,* 47 Ga. 565; *Piedmont Cotton Mills v. Ga. Ry. &c. Co.,* 131 Ga. 129, 130 (3) (62 S. E. 52); *Atlanta Terra Cotta Co. v. Georgia Ry. &c. Co.,* 132 Ga. 537 (64 S. E. 563); *Harrold v. Central of Ga. Ry Co.,* 144 Ga. 199, 200 (3) (86 S. E. 552); *Rogers v. Toccoa Power Co.,* 161 Ga. 524 (131 S. E. 517, 44 A. L. R. 534).

"In condemnation proceedings under Chapter 36-11, a bill for injunction will lie where the remedy at law is not adequate and complete. *State Highway Dept. v. H. G. Hastings Co.,* 187 Ga. 204, 208 (199 S. E. 793, 133 A. L. R. 1). Where the condemnee contends that the proceedings were brought under an unconstitutional statute, the validity of the statute may be called in question under a separate proceeding in equity. *City of Atlanta v. Wilson,* 209 Ga. 527 (74 S. E. 2d 455); *City of Atlanta v. Sims,* 210 Ga. 605 (82 S. E. 2d 130).

"However, while it has been held that a separate petition in equity for injunction may, in certain instances, be brought to restrain a condemnation proceeding filed under Chapter 36-11, it does not necessarily follow that equitable defenses and equitable pleadings may not be filed in such a condemnation proceeding, as in other actions at law."

It is to be noted that, in the *Martin* case, the question before the court was whether the matters raised in the condemnee's cross-bill could properly be considered in the condemnation case, and this court held that the procedure followed by the condemnee was authorized under Chapter 36-11. The question whether a separate action in equity will lie to enjoin a condemnation action brought under Chapter 36-11 was not before the court in that case, nor was the question directly in issue in *City of Atlanta v. Wilson,* 209 Ga. 527, and *City of Atlanta v. Sims,* 210 Ga. 605, which were cited in the *Martin* case.

While the *Wilson* and *Sims* cases are physical precedents wherein the condemnees brought separate bills in equity attacking the constitutionality of the statutes under which the condemnation suits had been brought, in neither of those cases did the court deal with the questions of whether the condem-

nees had an adequate remedy at law in the condemnation proceedings or whether an equitable petition would lie in those cases where an adequate remedy at law was available to the condemnee. Another such physical precedent, decided by this court subsequently to the *Martin* case, is *Kellett v. Fulton County*, 215 Ga. 551 (111 S. E. 2d 364). The ruling made in the *Martin* case is not in conflict with the ruling here made.

In *Russell v. Venable*, 216 Ga. 137, supra, a condemnation proceeding brought under Chapter 36-11, the defendants filed general demurrers attacking the constitutionality of the act under which the proceedings were brought; there the questions raised were decided in that case and not in a separate equitable proceeding.

The cases of *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.*, 119 Ga. 354 (3) (46 S. E. 422, 100 Am. St. Rep. 174); *Atlanta & B. R. Co. v. Penny*, 119 Ga. 479 (4) (46 S. E. 665); *Harrold v. Central of Georgia Ry. Co.*, 144 Ga. 199, 200 (3), supra; and *Rogers v. Toccoa Power Co.*, 161 Ga. 524 (1, 5), supra, cited in support of this court's ruling in the *Hastings* case, were not brought under Chapter 36-11; and the other case cited, *Denham v. State Highway Board*, 52 Ga. App. 790 (184 S. E. 631), was expressly disapproved in *Martin v. Fulton County*, 213 Ga. 761, supra.

Insofar as we have been able to determine, the *Hastings* case is the only case in conflict with what is here ruled; but any other cases that may be in conflict herewith are also expressly overruled. Cases decided prior to the enactment of Ga. L. 1914, pp. 92-96 (Chapter 36-11 of the Code), would not be in point.

Since the plaintiff had an adequate remedy in the condemnation proceeding, and could procure therein all the relief sought in his equitable suit, the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*