22741.   McALLISTER v. THE STATE.

Argued January 11, 1965—Decided February 4, 1965.

*Ralph L. Crawford,* for plaintiff in error.

*Z. Vance Dasher, Solicitor,* contra.

MOBLEY, Justice. ■ Art. I, Sec. IV, Par. I (*Code* § 2-401) of the Georgia Constitution provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights, shall be varied in any particular case by special legislation . . ."

It is well settled that the legislature may classify counties for purposes of legislation, but "the basis of classification must have some reasonable relation to the subject-matter of the law, and must furnish a legitimate ground of differentiation" as the Constitution does not permit mere arbitrary discriminations. *Stewart v. Anderson,* 140 Ga. 31, 33 (78 SE 457). There is clearly no reasonable basis for the classification made in Sec. I A of this Act, for there is no reason so far as is shown, why fishing, except commercial, should be permitted in all counties in Georgia except Clinch, Echols, and Effingham.

"The legislature could not constitutionally classify one county by itself. There must be some reasonable basis of classification, so that all which fall within the class may come within the scope of the provisions of the law. Although the act may purport to make a classification of counties for purposes of legislation, yet if the so-called class is so hedged about and restricted that the act applies to only one county, and that other counties

coming within the class provided can not also come within the purview of the law, it is in fact a local or special act and not a general one. See *Worth County v. Crisp County*, 139 Ga. 117 (76 SE 747); *Vaughn v. Simmons*, 139 Ga. 210 (76 SE 1004); *Futrell v. George*, 135 Ga. 265 (69 SE 182)." *Stewart v. Anderson*, 140 Ga. 31, 33, supra.

The legislature first by Sec. 1 A sought to enact special legislation applicable only to Clinch County and then by the 1962 amendment to Sec. 1 A to add the additional counties of Effingham and Echols, which they cannot do, as this is simply an effort to classify one county at a time by population brackets so narrow that they could apply to just the one county. The possibility of any other counties having such population is too remote to form a basis of a reasonable classification. Section 1 A of the Act is thus special legislation and unconstitutional.

■ The Act is also violative of Art. I, Sec. I, Par. II (*Code* § 2-102) of the Georgia Constitution which provides: "Protection to person and property is the paramount duty of government, and shall be impartial and complete," for denying those citizens in the three named counties a privilege granted to the rest of the citizens in the State without a legitimate basis for so excluding them. Population is the sole basis for the attempted classification of counties to be excluded from the privilege of fishing non-commercially on Sunday, and population alone in no way affects or relates to such a privilege. See *City of Atlanta v. Wilson*, 209 Ga. 527 (74 SE2d 455), *City of Atlanta v. Sims*, 210 Ga. 605 (82 SE2d 130), and *Geele v. State*, 202 Ga. 381 (43 SE2d 254, 172 ALR 196). Section I A attempts an arbitrary classification, which is discriminatory and repugnant to the above section of the Georgia Constitution. See also *Simpson v. State*, 218 Ga. 337 (127 SE2d 907).

*Judgment reversed. All the Justices concur.*