22966. RAY et al. v. MAYOR & COUNCIL OF THE CITY OF ATHENS.

ARGUED MAY 10, 1965—DECIDED MAY 18, 1965—REHEARING DENIED MAY 31, 1965.

*Rupert A. Brown,* for plaintiffs in error.

*Fortson, Bentley & Griffin,* contra.

*Eugene Cook, Attorney General, Richard Chambers, E. J. Summerour, Assistant Attorneys General,* for party at interest not party to record.

DUCKWORTH, Chief Justice. There is an attack upon Ga. L. 1957, pp. 387, 392 (*Code Ann.* § 36-610a) in so far as it provides for service upon nonresidents in that it denies due process as required by the Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103; Const. of 1945) and also the Fourteenth Amendment of the Federal Constitution (*Code* § 1-815). The provision brought under this attack is as follows: "Nonresidents of this State shall be served by posting a copy of the petition together with the order of the judge thereon on the bulletin board at the courthouse door of the county in which the property sought to be condemned is located for not less than five days prior to the

time of the hearing before the special master, by the insertion of a notice, identifying the property sought to be condemned, as well as the date and place of hearing before the special master, in a newspaper having general circulation in the county wherein such property is located, for one issue of said paper the date of which shall be not less than four nor more than seven days prior to said hearing before the special master, and being the same newspaper in which sheriff's advertisements are carried, and where the address of such nonresidents is known, by mailing to them by registered mail a copy of such petition and order." The attack is based upon the absence of any specification of the person or persons to so post, publish or mail the notice therein provided for. Obviously, the provisions for such notices in the absence of someone to execute them amount to no requirement of notice. If the sheriff or clerk should fail to do it they could not be compelled to do so since the law does not make it their duty to do so. For counsel to do so in the absence of an affidavit by him that he had done it, his action has no verity. Indeed, one could as the petitioner has done, challenge the action of counsel if he did it on the ground that the law does not authorize him to thus perfect service. This observation as to counsel is given emphasis by the preceding provision of the Act for serving residents, wherein it authorizes a citizen to serve the copy, but requires him to make his return thereof under oath, whereas the sheriff or his deputy is allowed to make his official entry which imports verity. *Ashley v. Howard*, 99 Ga. 132 (24 SE 875); *Southern R. Co. v. Flemister*, 120 Ga. 524 (48 SE 160); *Hames v. Weekes*, 220 Ga. 770 (141 SE2d 448).

The trial judge cited in support of his judgment dismissing the petition, *Mitchell v. State Hwy. Dept.*, 216 Ga. 517 (118 SE2d 88, 93 ALR2d 459). That case dealt with resident defendants, and the advertisement required in the action in rem. The petitioner in that action in equity to enjoin the condemnation was an executor of a will. The condemnation petition listed him individually and a number of other persons as the apparent owners and they were all served as the law provided. In addition, pursuant to the law, publication of notice was made. The decision simply held that as to him, as executor, he had notice and could intervene. Apparently, the condemnor had no knowledge

of his interest as an executor; at least it did not list him in that capacity. Consequently, he stood in the class of all other unknown parties having an interest and he was served in the same manner as all such persons. That decision has no application to the question here, which is the constitutionality of the Act because it authorizes no one to perfect the service by posting, publishing and mailing.

Decisions that do control on the constitutional requirement of service are *Williams v. Batten,* 156 Ga. 620 (119 SE 709), where it was held that since the law required the clerk to mail a copy of the paper containing the advertisement, no service was had where the clerk had another mail the paper; and *Hillyer v. Pearson,* 118 Ga. 815, 817 (45 SE 701), where it is said, "In order for an officer to make legal service he must have authority to do so. This authority in ordinary actions is the process of the court, issued by the clerk and bearing teste in the name of the judge. . . . No officer has authority to make service of a void process, and if he does so it amounts to no more than if the service *had been made by a private individual.*" (Emphasis added). Two principles are involved in the above quotation which are: (1) the server must be authorized by law to serve; and (2) service by a private individual without express authority is no service. Due process requires reasonable notice and an opportunity to be heard. *Chattooga County v. Scott,* 215 Ga. 68 (108 SE2d 876). And this condemnation statute denies due process in that it does not provide for notice.

The petition thus alleges a cause of action for the relief sought, and the lower court erred in sustaining the demurrers and dismissing it.

*Judgment reversed. All the Justices concur.*