## HICKS *v.* THE STATE.

The juvenile-court act of 1915 (Acts 1915, p. 35) does not deprive the superior court of a county where that act is applicable of its jurisdiction to try a defendant indicted for burglary, although such defendant may have been less than sixteen years of age at the time of the alleged commission of the crime. Accordingly, it was not error for the judge presiding in the superior court to overrule a plea to the jurisdiction, based on the juvenile-court act, and to conduct the trial according to established procedure appropriate in such cases. A conviction based on sufficient evidence, when the trial is free of prejudicial error, is not illegal because the defendant may have been less than sixteen years of age at the time of the commission of the crime.

APRIL 11, 1917.

Questions certified by Court of Appeals (Case No. 7715).

*W. R. Hammond,* for plaintiff in error.

*Eb. T. Williams, solicitor-general,* and *A. L. Ivey,* contra.

EVANS, P. J. The defendant was indicted for burglary, and pleaded to the jurisdiction of the superior court to try him, on the ground that he was under the age of sixteen years at the time he was charged with having committed the crime, and that under the act approved August 16, 1915, establishing juvenile courts in certain counties, the exclusive jurisdiction to try him was vested in the juvenile court of Fulton county. The court struck the plea, and the defendant was convicted of the offense with which he was charged. On the trial it appeared that he was less than sixteen years of age at the time of the commission of the alleged crime. The Court of Appeals has certified to the Supreme Court the ques-

tions whether or not the plea to the jurisdiction should have been sustained, and whether or not the verdict can be upheld where it appeared that the defendant was less than sixteen years of age at the time he was charged with having committed the crime, and whether the court could legally impose a sentence for burglary. The Court of Appeals also inquires whether a motion of defendant's counsel, made when the case was called in the superior court, to refer the case for trial to the juvenile court of Fulton county, upon the statement of counsel that the defendant was under sixteen years of age, was properly refused; and whether or not it was error for the judge to refuse, on request of counsel for the defendant, to submit the question of the defendant's age to the jury as an independent issue. The various questions propounded by the Court of Appeals may be reduced to the single proposition whether a defendant accountable for the commission of crime, but under the age of sixteen years, who has been indicted for burglary, can be tried in the superior court under the indictment; or must the superior court transfer the case to the juvenile court organized under the act approved August 16, 1915 (Acts 1915, p. 35), for further proceedings. The act to establish in certain counties juvenile courts declares that it shall apply to any child under sixteen years of age, "who violates any penal law or municipal ordinance, or who commits any act or offense for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding, except in crimes punishable by death or life imprisonment," etc. The procedure provided is by petition on information and belief, setting forth the name and residence of the child and of the parents, if known to the petitioner, and the name and residence of the person having the guardianship, custody, control, and supervision of such child, if the same be known or ascertained by the petitioner. By section 10 it is declared to be the intention of the act "that in all proceedings coming under its provisions the court shall proceed upon the theory that said child is a ward of the State, and is subject to the discipline and entitled to the protection which the court should give such child under the conditions disclosed in the case." Section 14 provides that nothing in the act shall be construed as forbidding the arrest, under warrant, of any child as now or may hereafter be provided by law, or as forbidding the issuing of warrants by magistrates as provided by law,.

but that whenever a child less than seventeen or eighteen years of age, according to sex, is brought before a magistrate, such magistrate shall transfer the case to the juvenile court. In section 16 it is enacted that "the court may in its discretion, in any case of a delinquent child brought before it as herein provided, permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crime, and in such case the petition, if any, filed under this act shall be dismissed and the child shall be transferred to the court having jurisdiction of the offense." It will thus be seen that the juvenile-court act of 1915 not only did not in terms undertake to deprive the superior court of jurisdiction to try a person under the age of sixteen years for the crime of burglary, but expressly recognized the jurisdiction of the superior court for that purpose in certain instances. The constitution declares that the superior court shall have exclusive jurisdiction in criminal cases where an offender is subject to loss of life or confinement in the penitentiary. Art. 6, sec. 4, par. 1. Burglary is a felony, and is punishable by confinement in the penitentiary. No attack is made upon the constitutionality of the juvenile-court act in any question propounded by the Court of Appeals. If a statute is reasonably susceptible of a construction which will not offend the constitution, it will be given that construction, rather than hold to another construction which would render it unconstitutional. The juvenile-court act does not in terms deprive the superior court of the jurisdiction to try defendants indicted for the crime of burglary. The constitution declares that the superior court has such jurisdiction; and it was not error for the court to strike the plea to the jurisdiction, and to refuse to try the age of the defendant as a separate and independent issue, or to transfer the case for disposition and trial by the juvenile court.      *All the Justices concur.*