WILLIAMS *v.* DAVIDSON *et al.,* commissioners.

HILL, J.  By the act of 1915, establishing juvenile courts in certain counties (Acts 1915, p. 35 et seq.), as amended by the act of 1916 (Acts 1916, pp. 58, 59), it is provided that all children under 16 years of age who violate any penal law or municipal ordinance, or who commit any act of offense for which they could be prosecuted "in a method partaking of the nature of a criminal action or proceeding, except in crimes punishable by death or life imprisonment," may be taken into custody and dealt with as therein directed; and also provide that if the juvenile court is satisfied the child is in need of the care, discipline, and protection of the court, such court may so adjudicate, and in addition may find that the child is in a state of delinquency or neglect, and may further render such judgment and make such order as will best conserve the purposes of the act, or may commit such delinquent to the Georgia State Reformatory.  Accordingly, where a child under the age of 16 years was committed by the juvenile court to the Georgia State Reformatory after a hearing on specifications filed by the probation officer, alleging "burglary and tearing down plumbing out of house of 104 Ivy St.," and the order of the court recited that "Clifford Jackson is delinquent and in need of correction," such investigation and adjudication did not amount to a trial for burglary, as insisted, over which crime the superior court has exclusive jurisdiction under art. 6, sec. 4, par. 1, of the constitution (Civil Code, § 6510), but it was an adjudication that the child was a *delinquent;* and such commitment was not illegal for the above, or for any other reason assigned.  The acts of 1915 and 1916, supra, do not attempt to confer on the juvenile court jurisdiction to try any person for the crime of burglary, in violation of the above-named provision of the constitution.  The trial court therefore did not err in remanding the child of the plaintiff in error to the custody of the respondents, to be dealt with as the law directs.                    *Judgment affirmed.  All the Justices concur.*

                    No. 442.  DECEMBER 15, 1917.

Habeas corpus.  Before Judge Hill.  Fulton superior court. May 12, 1917.

*Tillou Von Nunes,* for plaintiff.