### 21540.   JOHNSON *v.* THE STATE.

DECIDED JUNE 19, 1931.

*Edward Everett Jr.*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. It appears from the record in this case that on April 16, 1931, at the regular March term of the superior court of Fulton county, John Henry Johnson pleaded guilty under an indictment charging him with the larceny of an automobile, and that the court "sentenced said defendant to serve from one to five years at hard labor;" that on April 21, 1931, he filed with the clerk of the court his motion to set aside the judgment and sentence, for the reason that the defendant was only fifteen years and eleven months old when he pleaded guilty to the charge against him, and "therefore comes under the exclusive jurisdiction of the juvenile court of Fulton county, Georgia;" and that, after the introduction of evidence showing that the defendant's age was as alleged, the judge of the superior court of Fulton county rendered this judgment: "On hearing had, the within motion is hereby denied. This party has committed many offenses."

Did the juvenile court have exclusive jurisdiction of the defendant's case because he was under the age of sixteen when he pleaded guilty? The question is not an open one in this State, and this court is bound to answer it in the negative, because of the answer of the Supreme Court to questions certified to it in the case of *Hicks* v. *State,* 146 *Ga.* 706 (92 S. E. 216). The court then held: "The juvenile-court act of 1915 (Acts 1915, p. 35) does not deprive the superior court of a county where that act is applicable of its jurisdiction to try a defendant indicted for burglary, although such defendant may have been less than sixteen years of age at the time of the alleged commission of the crime. Accordingly, it was not error for the judge presiding in the superior court to overrule a plea to the jurisdiction, based on the juvenile-court act, and to conduct the trial according to established procedure appropriate in

such cases. A conviction based on sufficient evidence, when the trial is free of prejudicial error, is not illegal because the defendant may have been less than sixteen years of age at the time of the commission of the crime." In this connection see also *Williams* v. *Davidson,* 147 *Ga.* 491 (94 S. E. 564), and *McCrary* v. *Nashville &c. Ry.,* 37 *Ga. App.* 670, 674 (141 S. E. 416).

In conclusion, we hold that the superior court of Fulton county had jurisdiction to try the defendant, and that the judge of that court did not err in denying the defendant's motion to set aside the judgment.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*