## THOMAS *v.* THE STATE.

No. 8870. APRIL 12, 1932.

*Edward Everett,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *E. A. Stephens,* contra.

RUSSELL, C. J. The defendant, who was indicted for the offense of burglary, upon arraignment filed a plea to the jurisdiction of the superior court, and evidence was introduced which showed the defendant to be under the age of sixteen years. The plea was overruled. The plaintiff in error made a motion to have the case transferred to the juvenile court of Fulton County, upon the ground

that that court had original and exclusive jurisdiction of all children under the age of sixteen years charged with having committed a crime. The motion was based upon the ground that if the superior court should take original jurisdiction without transferring the case to the juvenile court, defendant would be tried in the superior court under the juvenile court act of 1915 (Ga. L. 1915, p. 35 et seq.) as construed by the Supreme Court of Georgia in *Hicks* v. *State,* 146 *Ga.* 706 (supra), and that the juvenile court act of 1915, as construed by the Supreme Court, is unconstitutional, in that it violates the portion of the fourteenth amendment to the constitution of the United States which declares: "Nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The motion to transfer the case to the juvenile court was overruled. Exception to that ruling was duly taken.

Under the ruling of this court in *Lyndon* v. *Ga. Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047), a plaintiff who properly assigns error and excepts to a ruling which is controlling, and from which the final judgment in the cause followed of course and as a matter of law, may content himself with a mere exception to the final judgment, without other or further assignment of error than those specified in the assignment of error and exception to the controlling issue which naturally enforced the final judgment. Under the ruling in the *Lyndon* case, the exception to the judgment of the court sentencing the plaintiff in error to serve twelve months at labor on the public works might be sufficient were the sentence based upon a verdict finding the defendant guilty. But in this case it appears from the bill of exceptions itself that the defendant pleaded guilty to the offense of burglary. Consequently the sentence of the court was only the legitimate consequence of the defendant's own act. It is doubtful, therefore, whether in these circumstances error can be assigned and exception taken upon the judgment of the court in passing sentence upon the plaintiff in error in accord with his plea. Pretermitting any ruling upon this question, we are of the opinion that the decision of the case is controlled by the judgment and opinion of this court in the case of *Hicks* v. *State,* supra, which plaintiff in error in his brief asked to be formally overruled. The judgment in the *Hicks* case was

the judgment of all six members of the court. It can only be overruled by the unanimous consent of the entire court. The court declines to overrule its prior decision in the *Hicks* case; from which it follows that the judgment of the lower court in this case must be                                        *Affirmed. All the Justices concur.*

HINES, J., concurs in the judgment.