## 26378. MILLS *v.* THE STATE.

Decided September 10, 1937.

*Howard, Tiller & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

MacIntyre, J. 1. Charles Mills was indicted for committing the crime of murder by stabbing Wayne Dennard with a knife, and was convicted of voluntary manslaughter. The evidence supported the verdict.

2. Error is assigned on the overruling of the defendant's plea averring, that, since the evidence showed he was less than sixteen years of age at the time the alleged crime was committed, under the act of March 22, 1935 (Ga. L. 1935, p. 399), amending the act of August 16, 1915 (Ga. L. 1915, p. 35), establishing the juvenile court of Fulton County, the superior court "was without jurisdiction to try the defendant, but that the jurisdiction of the alleged offense was *exclusively in the juvenile court of Fulton County.*" (Italics ours.) It is averred that under the act of 1935, supra, "the jurisdiction of the juvenile court . . was

extended to cover offenses of minors under the age of sixteen years where such minors were charged with a crime punishable by death or life imprisonment;" and that, since the evidence showed without contradiction that the defendant was under sixteen years of age when the alleged crime was committed, the court erred in overruling the defendant's motion that the case be transferred to the juvenile court of Fulton County.

(a) "The juvenile-court act (Ga. L. 1915, p. 35) does not deprive the superior court of a county where that act is applicable of its jurisdiction to try a defendant indicted for a felony, although the defendant may have been less than sixteen years of age at the time of the alleged commission of the crime." *John-son* v. *State*, 43 *Ga. App.* 474 (159 S. E. 295); *Hicks* v. *State*, 146 *Ga.* 706 (92 S. E. 216); *Williams* v. *Davidson*, 147 *Ga.* 491 (94 S. E. 564); *Thomas* v. *State*, 174 *Ga.* 654 (163 S. E. 734). Art. 6, sec. 4, par. 1, of the constitution of Georgia (Code, § 2-3201) declares: "The superior courts shall have exclusive jurisdiction . . in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary."

(b) Paragraph (a) of section 2 of the act of 1915, supra, provides that the act shall apply to any child under sixteen years of age "who violates any penal law or any municipal ordinance, or who commits any act or offense for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding, except in crimes punishable by death or life imprisonment." . Section 1 of the amending act of 1935 strikes from the act of 1915 the clause, "except in crimes punishable by death or life imprisonment."

(c) Under the authorities cited, the amending act of 1935 does not so change the act of 1915 as to deprive the superior courts, in a county where juvenile courts have been established, of the right to try a defendant indicted for a felony, although the defendant may have been less than sixteen years of age at the time of the commission of the alleged crime. The court did not err in overruling the special grounds of the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*