THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE LEE BUTTS, Relator, *v.* FREDERICK L. MOREHEAD, Warden of the City Prison, Queens County, Respondent.

Supreme Court, Special Term, Queens County, February 7, 1940.

*Donald Crichton* [*Hutson L. Lovell* and *Darwin W. Telesford* of counsel], for the relator.

*Charles P. Sullivan, District Attorney* [*Edmund C. Rowan, Assistant District Attorney,* of counsel], for the respondent.

MACCRATE, J. Writ dismissed and relator directed to be delivered over to the representative of the Governor of the demanding State. The relator is a resident of Georgia charged with rape committed in that State upon another resident of that State. In

this jurisdiction he can claim equal, but no greater, protection of law than is extended to others who are sought as fugitives. By the law of his own State he can be guilty of crime as distinct from juvenile delinquency. Nothing in the papers on this application shows that there is a juvenile court in Hancock county, Ga.; neither does it appear that a petition necessary to give such a court jurisdiction has been filed. The population of that county appears to be less than 20,000 (N. W. Ayer & Son's Directory of Newspapers and Directories [1937]). There is, therefore, no basis for the argument that the relator is not a person who can be lawfully charged with a crime in the demanding State. On this application the finding that he is under sixteen has been adopted. Assuming that there was a juvenile court and a proper petition had been filed therein, nevertheless, the writ would have to be dismissed because by the Constitution of the State of Georgia exclusive jurisdiction is granted to the superior court of the various counties over the charge for which the relator has been indicted. The courts of Georgia have determined that the establishment of juvenile courts does not deprive superior courts of jurisdiction. Juveniles in that State may be adjudged delinquents or criminals in separate courts. The provisions of the statute in Georgia creating the juvenile courts and granting discretion to such courts to transfer juveniles to the proper courts for trial of a crime cannot and does not deprive the constitutionally recognized courts of jurisdiction.

The relator has been indicted by the grand jury of a superior court. Whatever conflict of control of the juvenile the exercise of jurisdiction by such a court and a juvenile court may create is not a proper matter of inquiry now.

Until a juvenile court of the demanding State has taken jurisdiction of the relator he stands indicted of a crime by the grand jury of a court of competent jurisdiction. This was sufficient to justify the warrant of the Governor of this State directing his apprehension here and his delivery over to the representative of the Governor of Georgia.

The following cases adequately set forth the applicable statutory law and the rulings of the Georgia courts: *Mills* v. *State* (56 Ga. App. 390; 192 S. E. 730); *Williams* v. *Davidson* (147 Ga. 491; 94 S. E. 564); *Hicks* v. *State* (146 Ga. 706; 92 S. E. 216).