18462. JACKSON *v.* BALKCOM, Warden.

ARGUED JANUARY 12, 1954—DECIDED FEBRUARY 9, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*Frank A. Dilworth, III,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. T. Grice, Deputy Assistant Attorney-General, Robert Hall, Lamar Sizemore, Assistant Attorneys-General,* contra.

HEAD, Justice.. The only contention made by the petitioner for habeas corpus in the present case as to the illegality of his trial and conviction in the Superior Court of Baldwin County for the offense of rape is that, under the provisions of the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291-311; Code, Ann. Supp., Ch. 24-24), the superior court was without jurisdiction to try his case.

In *Hampton* v. *Stevenson,* 210 *Ga.* 87 (78 S. E. 2d 32), it was held that proceedings under the Juvenile Court Act of 1951 are civil and not criminal, and that such proceedings do not, therefore, violate the Constitution which provides, in article VI, section IV, paragraph I (Code, Ann., § 2-3901), that "The Superior Courts shall have exclusive jurisdiction . . . in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary."

While there is language in sections 9, 10, 11, and 19 of the Juvenile Court Act of 1951 which might indicate that it was the intention of the General Assembly to give original jurisdiction to the juvenile courts in all cases pertaining to criminal charges against persons less than seventeen years of age, there is nothing in the act which would have the effect of repealing Code § 26-301, which states the age of criminal responsibility to be "14 years, or before that age if such person know the distinction between good and evil." Jurisdiction to try persons charged with felonies, who are accountable under the law, is fixed by the Constitution to be in the superior courts. Constitution, art. VI, sec. IV, par. I (Code, Ann., § 2-3901).

This court is entirely in sympathy with the beneficent purposes of the Juvenile Court Act of 1951. However, we can only uphold the purposes of the act consistent with our Constitution. Should any of the provisions of the Juvenile Court Act of 1951 have been intended to withdraw the jurisdiction of the superior

courts to try an offender, within the age of accountability under the law, for an offense punishable by death or life imprisonment, as contended by the petitioner, such provisions would be unconstitutional and could be given no effect. *Law* v. *McCord,* 143 *Ga.* 822 (85 S. E. 1025); *Hicks* v. *State,* 146 *Ga.* 706 (92 S. E. 216); *Williams* v. *Davidson,* 147 *Ga.* 491 (94 S. E. 564); *Thomas* v. *State,* 174 *Ga.* 654 (163 S. E. 734); *Mills* v. *State,* 56 *Ga. App.* 390 (192 S. E. 730).

The petition for habeas corpus showed no valid reason why the detention of the petitioner was illegal, and the trial court properly sustained the demurrer and remanded the petitioner to the respondent.

*Judgment affirmed. All the Justices concur.*