35143.   ARMSTRONG *v.* THE STATE.

Decided May 13, 1954.

174

*Nicholson & Fleming, William Fleming, Jr.*, for plaintiff in error.

*Geo. Hains, Solicitor-General*, contra.

GARDNER, P. J. ■ On the general grounds, the evidence amply sustains the verdict of voluntary manslaughter.

■ We come next to inquire whether or not the court erred in denying the plea to the jurisdiction. It may be conceded, without deciding, that the defendant was only 14 years old. The court did not err in dismissing the plea to the jurisdiction. We call attention to *Jackson* v. *Balkcom*, supra, in which the Supreme Court said: "The only contention made by the petitioner for habeas corpus in the present case as to the illegality of his trial and conviction in the Superior Court of Baldwin County for the offense of rape is that under the provisions of the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291-311; Code, Ann. Supp., Chapter 24-24), the superior court was without jurisdiction to try his case.

"In *Hampton* v. *Stevenson*, 210 *Ga.* 87 (78 S. E. 2d 32), it was held that proceedings under the Juvenile Court Act of 1951 are civil and not criminal, and that such proceedings do not, therefore, violate the Constitution, which provides in article VI, section IV, paragraph I (Code, Ann., § 2-3901), that: 'The Superior Courts shall have exclusive jurisdiction . . . in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary. . .'

"While there is language in Sections 9, 10, 11 and 19 of the Juvenile Court Act of 1951 which might indicate that it was the intention of the General Assembly to give original jurisdiction to the juvenile courts in all cases pertaining to criminal

charges against persons less than seventeen years of age, there is nothing in the Act which would have the effect of repealing Code § 26-301, which states the age of criminal responsibility to be '14 years, or before that age if such person know the distinction between good and evil.' Jurisdiction to try persons charged with felonies, who are accountable under the law, is fixed by the Constitution to be in the superior courts. Constitution, art. VI, sec. IV, par. I (Code, Ann., § 2-3901).

"This court is entirely in sympathy with the beneficent purposes of the Juvenile Court Act of 1951. However, we can only uphold the purposes of the Act consistent with our Constitution. Should any of the provisions of the Juvenile Court Act of 1951 have been intended to withdraw the jurisdiction of the superior courts to try an offender, within the age of accountability under the law, for an offense punishable by death or life imprisonment, as contended by the petitioner, such provisions would be unconstitutional and could be given no effect. *Law* v. *McCord*, 143 *Ga.* 822 (85 S. E. 1025); *Hicks* v. *State*, 146 *Ga.* 706 (92 S. E. 216); *Williams* v. *Davidson*, 147 *Ga.* 491 (94 S. E. 564); *Thomas* v. *State*, 174 *Ga.* 654 (163 S. E. 734); *Mills* v. *State*, 56 *Ga. App.* 390 (192 S. E. 730).

"The petition for habeas corpus showed no valid reason why the detention of the petitioner was illegal, and the trial court properly sustained the demurrer and remanded the petitioner to the respondent."

The court did not err in overruling the plea to the jurisdiction of the superior court over the person of the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*