127 Ga. App. 589 (1972)
194 S.E.2d 288
J. E.
v.
STATE OF GEORGIA.
47643.
Court of Appeals of Georgia.
Submitted November 7, 1972.
Decided November 17, 1972.
Robert J. Evans, for appellant.
F. Larry Salmon, District Attorney, Robert D. Engelhart, for appellee.
HALL, Presiding Judge.
A person under 17 years of age appeals from an order of the juvenile court transferring to the superior court a "matter and offense" brought up by a petition alleging his delinquency. The alleged offense is a homicide.
1. The juvenile contends that since the original petition alleged an act of delinquency, the court erred in calling the act of "crime" for the purpose of transfer; that the superior court has no jurisdiction over delinquency; and therefore there was no basis for transfer at all. The contention is without merit. The Juvenile Court Code defines a delinquent act as one "designated a crime by the laws of Georgia." Code Ann. § 24A-401 (e) (1). It ceases to be a "crime" only for proceedings in the juvenile court *590 and the resultant effects of its adjudication. See Code Ann. § 24A-2401. A petition designating the act by another name does not destroy its essence so as to preclude legitimate proceedings elsewhere.
2. The juvenile contends the court erred in failing to comply with the requirements of Code Ann. § 24A-2501 concerning transfer. We agree that the record shows the court did not make the necessary determinations. However, the record also shows that the child has been indicted by a Grand Jury for murder. The superior court has constitutional jurisdiction to try a person accused of a felony if he has reached the age of criminal responsibility. Nothing in the Juvenile Court Code or in the proceedings of a juvenile court can abrogate this jurisdiction. See Code Ann. § 2-3901; Jackson v. Balkcom, 210 Ga. 412 (80 SE2d 319); Armstrong v. State, 90 Ga. App. 173 (82 SE2d 51). Therefore, a reversal of the juvenile court for erroneous transfer would be a useless act since the superior court has independently exercised its constitutional jurisdiction in receiving the indictment for trial.
Judgment affirmed. Pannell and Quillian, JJ., concur.