28286. MATHIS v. THE STATE.

UNDERCOFLER, Justice. Jimmy Mathis and Byron Keith Brown were jointly indicted for the offense of armed robbery. They were also jointly indicted for the offense of aggravated assault. They were jointly tried on both indictments.

The evidence shows that on October 9, 1972, at 1:15 p. m., Mathis and his codefendant entered a laundry in Muscogee County; Mathis held a gun on the attendant and robbed her of $86 while his companion stood watch at the door. The victim carefully observed the robbers, immediately called the police when they departed, and gave them a detailed description of the robbers. Approximately five minutes later Officer Riggs was patrolling in the area when he received the radio message of the robbery

and a description of the perpetrators. About 200 yeards from the scene of the robbery, he saw two men in an automobile who fitted the descriptions he had just received. Officer Riggs was in uniform and was driving a marked police car. He followed the suspects into the parking lot of an apartment complex; called for radio assistance, gave his location; and parked his vehicle perpendicular to the rear of ths suspects' parked car so that their exit was blocked. Mathis then jumped from his automobile, approached the police car and shot the officer in the face. Mathis then ran toward Cusseta Road and the junior high school. The codefendant ran from the car when the defendant approached the officer's car. Another officer had received the assistance call from Officer Riggs and en route to the scene observed Mathis on the same side of the apartments. Mathis saw the officer, turned and ran; the officer pursued and apprehended him. Mathis was dressed as described by the victim and was in possession of a four shot Derringer pistol which was identified by both the victim and Officer Riggs. The codefendant was subsequently apprehended.

Both of the defendants were found guilty of armed robbery and Mathis was found guilty of aggravated assault. Mathis was sentenced to fifteen years for the offense of armed robbery and ten years for the offense of aggravated assault which was to be computed from termination of the sentence imposed for armed robbery. Mathis appeals to this court. *Held:*

1. The appellant contends that the trial court erred in requiring him to be tried jointly on the indictment charging him with the offense of armed robbery and on the indictment charging him with the offense of aggravated assault.

The Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267) provides: "(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c). (c) When two or more crimes are charged as required by subsection (b), the court in the interest of justice may order that one or more of such charges be tried separately." Code Ann. § 26-506 (b, c).

In *Henderson v. State,* 227 Ga. 68, 75 (179 SE2d 76) this court construed Code Ann. § 26-506 (b, c) of the 1968 Criminal Code. There it was said: ". . . it is significant to note that the legislature used language in subsection (b) making the prosecution together

of multiple charges mandatory where rules relating to venue permit and the crimes are known to the proper prosecuting officer, and used language in subsection (c) making it merely permissive for the court to order separate trials in the interests of justice. Formerly the judge had a discretion to order separate trials, but his discretion was abused if the separate counts involved different species of felonies or crimes of a different nature requiring different kinds of evidence to prove guilt. This test no longer need be applied. The only test under the new Criminal Code is whether the interests of justice will be served by ordering separate trials. The judge may order the charges tried separately but he is not required to do so if in his opinion the interests of justice will not be served thereby. We think the trial court in this case was justified under the facts of the case in concluding that the interest of justice would not be served by ordering separate trials." This case was followed in *Pass v. State,* 227 Ga. 730 (3) (182 SE2d 779) and *Slocum v. State,* 230 Ga. 762 (199 SE2d 202).

The trial court was authorized to find that the interest of justice would be best served in this case by trying both of the charges involved together.

2. Prior to arraignment appellant filed a motion for severance on the grounds that the prosecution intended to introduce a statement implicating him which statement was made by the codefendant, who could not be cross examined, and that his constitutional right to confront witnesses used against him would be violated. The trial court denied the motion and admitted the statement into evidence.

The evidence in this case shows that prior to the introduction of the codefendant's statement, the appellant was positively identified by the victim who had seen him on prior occasions in the laundry, that appellant was recognized and pursued by a police officer some 200 yards from the robbery site within five minutes of the robbery, that the police officer positively identified appellant, that the appellant was apprehended by a second police officer within five minutes after the first officer was shot, that the arrest was made in the vicinity of the shooting, and that the arrest took place approximately fifteen minutes after the robbery with the police in constant pursuit. Under this overwhelming evidence, the admission in evidence of the statement of the codefendant, if error, was harmless beyond a reasonable doubt. *Morgan v. State,* 231 Ga. 280; Schneble v.

Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340).

3. The appellant contends that the trial court erred in overruling his motion for severance because the prosecution intended to introduce a statement incriminating him which had been made by the codefendant who was not subject to cross examination.

Georgia Laws 1971, p. 891, provides that it is discretionary with the trial court whether a defendant indicted for a capital offense may be tried jointly or separately. Code Ann. § 27-2101. The trial court did not abuse its discretion in ordering a joint trial in this case.

4. The appellant contends that the trial court erred in sentencing him, a minor under the laws of Georgia, to serve a term of ten years in the state penitentiary for the offense of aggravated assault (a noncapital felony) beginning at the conclusion of a fifteen-year armed robbery sentence (a capital felony).

Georgia Laws 1972, pp. 1251, 1252, provides that minors convicted of a capital felony shall only be sentenced into the custody of the State Department of Corrections. Code Ann. § 99-209 (a, 5). The trial court properly sentenced the appellant to serve his fifteen-year armed robbery sentence in the state penitentiary. However, this court in *Wade v. State,* 231 Ga. 131 (200 SE2d 271), held that Code Ann. §§ 27-2502, 27-2534 and 27-2510 when construed together allow the jury in felony cases to fix the punishment of the convicted person and that unless the jury specifies that the sentences imposed are to run consecutively, then the law is that they shall run concurrently. Therefore, we hold that the trial judge was not authorized to provide that the ten-year aggravated assault sentence was to run consecutively after the termination of the armed robbery sentence. It is directed that this portion of the trial court's sentence be stricken and that the two sentences run concurrently since the jury did not state they were to run consecutively.

5. The appellant contends that the proceedings in the juvenile court certifying the appellant to the superior court did not meet the requirements of law (Code Ann. § 24A-2501; Ga. L. 1971, pp. 709, 736) and that the superior court did not have jurisdiction to try him for the offenses charged.

The record shows that the appellant had been indicted by the grand jury for two felonies: armed robbery and aggravated assault. The superior court has constitutional jurisdiction to try a person accused of a felony if he has reached the age of criminal responsibility. Nothing in the Juvenile Court Code or in the proceedings of a juvenile court can abrogate this jurisdiction.

Art. VI, Sec. IV, Par. I of the 1945 Constitution (Code Ann. § 2-3901); *Jackson v. Balkcom,* 210 Ga. 412 (80 SE2d 319); *J. E. v. State of Ga.,* 127 Ga. App. 589 (194 SE2d 288). An amendment to Art. VI, Sec. IV, Par. I of the Constitution was ratified on November 7, 1972 (Ga. L. 1972, p. 1544). That constitutional amendment only provides that the jurisdiction of the superior courts over juvenile felony offenders is not exclusive, "in the case of juvenile offenders as provided by law." Code Ann. § 2-3901.
It follows that the superior court had constitutional jurisdiction to try the juvenile offender on the felony indictments.

6. The appellant contends that the trial court erred in overruling his motion to suppress the in-court identification testimony of the robbery victim because it was tainted by improper identification procedures.

The record shows that the victim was taken to police headquarters to the room where the appellant was held. She positively identified the appellant as the robber in the presence of a police officer.

The record shows further that the victim was only a few feet from the robber; she saw him face to face as he pointed the gun at her; it was in daylight; the lights were on; she gave the police an accurate and precise description of him, describing him as dressed in a dark blue coat with a zipper front, wearing wire-frame glasses and black sandals, dark complexioned, and having his hair styled in an afro; and she further testified that she had seen him on prior occasions in the laundry.

The record shows that the in-court identification of the appellant had an origin independent of the identification confrontation between the victim and the appellant. There is no merit in this contention of the appellant.

*Judgment affirmed with direction. All the Justices concur, except Nichols and Undercofler, JJ., who dissent from the ruling made in Division 4; and Ingram, J., who concurs specially because of the ruling made in Division 2.*

ARGUED OCTOBER 9, 1973 — DECIDED NOVEMBER 9, 1973.

*Grogan, Jones & Layfield, Richard A. Childs,* for appellant.
*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, IV, Assistant Attorneys General,* for appellee.

INGRAM, Justice, concurring specially. I think it needs to be

stated that admission of this statement was error in the circumstances of this case. In Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), the Supreme Court of the United States "held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant violated that codefendant's right of cross examination secured by the confrontation clause of the Sixth Amendment." Roberts v. Russell, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100). Bruton involved a federal prosecution but the Supreme Court of the United States noted in its opinion in Roberts v. Russell, supra (a state prosecution), that the right of cross examination, secured by the confrontation clause of the Sixth Amendment, applies to the state through the Fourteenth Amendment and then applied the Bruton rule in the Roberts case. Clearly then, in the present case, it was error to admit into evidence at this joint trial the codefendant's statement implicating the appellant when such codefendant refused to testify. It denied the appellant an opportunity to confront and cross examine this "witness" against him. The trial judge's instructions to the jury cautioning them not to consider the statement in determining the guilt or innocence of appellant was ineffectual under the Bruton rule. A severance of the trial of these two defendants would have avoided this constitutional difficulty.

Having said this, I join the majority of the court in holding that, under the facts of this case, admission of the statement was harmless error beyond a reasonable doubt. The evidence of appellant's guilt, independent of the codefendant's statement, is quite substantial, and under the "harmless error" case of Schneble v. Florida, 405 U. S. 427, supra, cited in the majority opinion, a reversal is avoided in this case. The Bruton rule was urged in Schneble and the Supreme Court of the United States held that "Any violation of Bruton that might have occurred was harmless beyond a reasonable doubt in view of the overwhelming evidence of [appellant's] guilt." The rationale of that case is applicable to the present case and, therefore, I join the judgment of affirmance rendered by the majority opinion.