48701. SINKFIELD v. THE STATE.

BELL, Chief Judge. The defendant was indicted and convicted of four counts of selling cocaine to J. L. Bradfield, an undercover policeman, on May 2, 11, 12 and 16, 1972. The jury fixed his sentence at ten years on each count. *Held:*

1. In this case the indictment preceded the arrest. Thus no commitment hearing was required or necessary. *Cannon v. Grimes,* 223 Ga. 35 (153 SE2d 445). A commitment hearing is not a requisite to a trial for the commission of a felony. *Holmes v. State,* 224 Ga. 553 (163 SE2d 803).

2. The indictment was returned on July 14, 1972. There was evidence that defendant's arrest was sought by the police after the indictment but he could not be located until April 14, 1973. An indictment, approximately two months after the commission of the alleged crime, cannot be classified as an unreasonable delay so as to effect a denial of the right to a speedy trial. The fact that the arrest did not take place until eleven months after the commission of the crime also is not unreasonable when it is considered that the police made a reasonable effort to locate and arrest the defendant after the indictment and the issuance of the warrant for the arrest.

3. The contention that the police had a duty to arrest the defendant after the first sale or should not have purchased any more drugs from him has no merit. *Johnson v. State,* 128 Ga. App. 69 (195 SE2d 676).

4. The jury sentenced the defendant to a separate term of 10 years imprisonment as to each count of this four count indictment. The jury did not specify that the sentences were to run consecutively. Thus the sentences shall run concurrently. Code Ann. § 27-2510. The trial judge ordered that the sentence on Count 2 would run concurrently with Count 1; that the Count 3 sentence would follow the sentence in Count 1; and that the Count 4 sentence would run concurrently with Count 3. In this he erred. The Supreme Court has recently held that a trial judge has no discretion to decide whether sentences imposed by a jury in a multi-count indictment shall run concurrently or consecutively,

as this is the sole function of the jury. *Wade v. State,* 231 Ga. 131 (200 SE2d 271). However, this error standing alone does not require a new trial.

The defendant can be resentenced by the imposition of sentences that follow the verdict of the jury. *Wade v. State,* supra. Accordingly, we affirm the judgment of the trial court except that portion which imposes consecutive sentences. The trial judge is directed to enter a judgment sentencing the defendant in accordance with the verdict of the jury. This judgment shall provide that the sentences are to run concurrently.

*Judgment affirmed with direction. Deen and Quillian, JJ., concur.*

ARGUED OCTOBER 2, 1973 — DECIDED DECEMBER 4, 1973.

*Murray M. Silver,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Morris H. Rosenberg,* for appellee.