## 28448. GANDY v. THE STATE.

GUNTER, Justice.

This appeal is from two convictions for armed robbery. The appellant was indicted, tried, and convicted for having committed two armed robberies on February 16, 1973. After finding the appellant guilty on both counts of the indictment the jury, pursuant to our two-step felony procedure, fixed the punishment for the appellant on the first count to be imprisonment for life and on the second count to be imprisonment for twenty years. The two sentencing verdicts by the jury did not indicate whether the two sentences were to run consecutively or concurrently.

The written sentence imposed by the trial judge was imprisonment "for and during his natural life to be computed according to law as to count one; and twenty (20) years to follow count one, as to count two."

The appellant has enumerated three errors in this court. Enumerations two and three are wholly without merit, and we do not deem it necessary to even treat them in this opinion.

The first enumerated error contends that since the sentencing verdicts by the jury were silent as to whether the two sentences should run concurrently or consecutively, then they must run concurrently, and the trial judge's imposition of consecutive sentences was erroneous.

This enumerated error is based upon the decisions of this court in *Wade v. State,* 231 Ga. 131 (200 SE2d 271), and *Mathis v. State,* 231 Ga. 401 (202 SE2d 73).

In *Wade* this court said (pp. 134, 135): "When these three code sections are construed together, we conclude that the jury in felony cases fixes the punishment of the convicted person. If there are two or more convictions in a multi-count indictment, the jury must prescribe the sentence to be served on each count. And unless the jury specifies that the sentences imposed are to run consecutively, then the law (Code Ann. § 27-2510) is that they shall run concurrently. The trial judge, entering a sentence or sentences, has legal authority to probate a sentence or any part thereof. Code Ann. § 27-2502. But a trial judge does not have legal authority to say whether

sentences imposed by a jury in a multi-count indictment shall run concurrently or consecutively. Under our present statutes that function is solely within the province of the jury, because the jury fixes the 'total punishment' for a person convicted on one or more counts of a multi-count indictment. We therefore hold that the sentence entered by the trial judge on June 23, 1972, and the sentence entered by the trial judge on December 9, 1972, were not valid sentences because they did not follow the sentence-verdict returned by the jury."

In *Mathis* this court said (p. 404): "However, this court in *Wade v. State*, 231 Ga. 131 (200 SE2d 271), held that Code Ann. §§ 27-2502, 27-2534 and 27-2510 when construed together allow the jury in felony cases to fix the punishment of the convicted person and that unless the jury specifies that the sentences imposed are to run consecutively, then the law is that they shall run concurrently. Therefore, we hold that the trial judge was not authorized to provide that the ten-year aggravated assault sentence was to run consecutively after the termination of the armed robbery sentence. It is directed that this portion of the trial court's sentence be stricken and that the two sentences run concurrently since the jury did not state they were to run consecutively."

In this case the state has asked that this court's ruling in *Wade,* which was followed in *Mathis,* be now overruled, the state's contention being that prior to the *Wade* decision the trial judge had the authority and discretion to determine whether multiple sentences would run concurrently or consecutively.

We decline to overrule *Wade* and *Mathis* for the reasons hereinafter stated.

In 1833 the General Assembly of Georgia enacted a statute as follows: "Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence, and the length of its duration." Ga. L. 1833, p. 208. This statute was the law of Georgia and remained unchanged until the year 1956. In the 1933 Code it was § 27-2510.

It is thus seen that during all of these years, from 1833 to 1956, the General Assembly of Georgia had specified by statute that multiple felony sentences were to be served consecutively. In felony cases no discretion was lodged in either judge or jury that permitted the serving of such multiple sentences concurrently.

Prior to 1919 Georgia was a "judge sentencing" state. An 1843 statute provided as follows: "That when any person shall be convicted in any court of this State, of a crime or misdemeanor hereafter to be committed, which shall subject him, her or them to imprisonment and labor in the penitentiary of this State, the judge before whom such trial and conviction may be had, shall sentence the person so convicted to hard labor for such period of time as he is authorized by the Penal Code of this State, in the penitentiary of this State, or at such other place or places as the Governor of the State may thereafter direct." Cobb's Digest, 1851, p. 842. Therefore, even when "judge sentencing" was the rule, the trial judge was required to impose consecutive sentences for multiple felony convictions in accordance with the 1833 statute referred to above.

In 1919 Georgia became a "jury sentencing" state in all felony cases other than those punishable by life imprisonment. The 1919 statute provided in part as follows: "That from and after the passage of this Act that the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury." But even with the advent of "jury sentencing" the 1833 statute still required that multiple felony sentences be served consecutively.

In 1938 Georgia for a brief period returned to "judge sentencing," but then reverted to "jury sentencing" in 1939. See Ga. L. 1937-1938, Ex. Sess., p. 326 and Ga. L. 1939, p. 285. Throughout these transitions, however, the 1833 statute remained effective, and it required that multiple felony sentences be served consecutively.

In 1946 this court in *Morris v. Aderhold,* 201 Ga. 533,

535 (40 SE2d 747), said: "Having convicted him, the jury did all that it was authorized to do under § 27-2526 of the Code, namely, fix a minimum and maximum period of time for him to serve in each case; and then the trial judge imposed a sentence in each case in accordance with the finding of the jury and specified in the sentences that they were to run consecutively, *as he was required to do* under § 27-2510 of the Code." This ruling plainly showed that no discretion with respect to concurrent or consecutive sentences was lodged in either the trial judge or the jury. Code § 27-2510 (the 1833 statute) clearly required consecutive sentences.

The first change in the 1833 statute requiring consecutive sentences came in 1956. The General Assembly repealed Code § 27-2510 of the Code of Georgia of 1933 relating to successive sentences, and enacted the following: "(a) Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein. (b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served consecutively, the one after the other, unless otherwise expressly provided therein. (c) This section shall apply alike to felony and misdemeanor offenses." Ga. L., 1956, pp. 161, 168.

In 1964 the General Assembly repealed subsection (b) of the 1956 Act and enacted the following: "(b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein."

Prior to 1956 the trial judge did not have authority to make multiple jury sentences run concurrently rather than consecutively, and neither the 1956 statute nor the 1964 statute conferred any such authority upon the trial judge. From 1939 to 1974 the jury has by statute imposed punishment upon convictions for felonies. Punishment

means the length of time that a convicted person must serve, and this is true whether there be one conviction or several convictions.

This court has never held that a trial judge has authority to make multiple sentences imposed by a jury in felony cases run either concurrently or consecutively. We therefore adhere to the ruling made in *Wade*, followed by this court in *Mathis*, and more recently followed by the Court of Appeals in the case of *Sinkfield v. State*, 130 Ga. App. 389 (203 SE2d 708).

The sentencing verdicts by the jury in the case at bar imposed a life sentence and a twenty-year sentence. These verdicts were silent as to whether these two sentences were to be served consecutively or concurrently. Due to this silence the law of this state is that they be served concurrently. Direction is given that the sentences imposed by the trial judge in this case be changed so as to show that the life sentence and the twenty-year sentence are to be served concurrently.

*Judgment affirmed with direction. All the Justices concur, except Nichols, P. J., Undercofler and Hall, JJ., who dissent.*

ARGUED JANUARY 15, 1974 — DECIDED APRIL 4, 1974 — REHEARING DENIED APRIL 23, 1974.

*Glenn Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, R. Andrew Weathers, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General*, for appellee.

NICHOLS, Presiding Justice, dissenting.

On March 30, 1973 the Grand Jury of Fulton County returned an indictment charging the defendant with two counts of armed robbery which occurred on February 16, 1973. He was tried on June 11, 1973. A verdict finding him guilty on each count was returned, and the jury sentenced him to life imprisonment on count one and twenty years on count two. The trial court sentenced the

defendant in accordance with the jury's finding and provided that such sentences should be served consecutively.

While I dissent for the reasons stated by Mr. Justice Undercofler in *Wade v. State,* 231 Ga. 131 (200 SE2d 271), yet, since the opinion in the case sub judice makes the decision in *Wade* retroactive I would dissent for this additional reason.

I am authorized to state that Justice Undercofler joins in this dissent.