49264. REYNOLDS v. THE STATE.

PANNELL, Judge.

The defendant was convicted on 30 counts of an indictment. The jury sentenced him to one year on each

count without stating that any sentence was to run consecutively. The trial judge, when entering judgment, imposed the following sentences on the respective counts: Count 1 — one year with Counts 2, 3, 4 and 5 to run concurrently with Count 1; Count 6 — one year to run consecutively with Count 1; Counts 7, 8, 9 and 10 — one year each to run concurrently with Count 6; Count 11 — one year to run consecutively with Count 6; and Counts 12, 13, 14 and 15 — one year each to run consecutively with Count 11; Count 16 — one year to run consecutively with Count 11 and Counts 17, 18, 19 and 20 — one year each to run concurrently with Count 16; Count 21 — one year to run consecutively with Count 16, and Counts 22, 23, 24 and 25 — one year each to run concurrently with Count 21; Count 26 — one year to run consecutively with Count 21, and Counts 27, 28, 29 and 30 — one year each to run concurrently with Count 26. This judgment was dated August 31, 1973. There was no appeal from this judgment. On December 12, 1973, the defendant made a motion to modify the judgments of sentence so as to provide that all one-year sentences run concurrently. This motion was based upon the case of *Wade v. State,* 231 Ga. 131 (200 SE2d 271) decided September 20, 1973 and *Mathis v. State,* 231 Ga. 401 (202 SE2d 73), decided November 9, 1973. The trial judge overruled the motion, taking the position that the term of court at which the judgments of sentence were rendered having expired, he had no power to amend, change or modify the judgments of sentence. See Code Ann. § 27-2502; *Phillips v. State,* 95 Ga. App. 277 (97 SE2d 707); *Gables v. Hayes,* 194 Ga. 297 (1) (21 SE2d 624); *Auldridge v. Womble,* 157 Ga. 64 (3) (120 SE 620). The defendant appealed to this court. *Held:*

1. Both *Wade* and *Mathis* hold that under the circumstances of the present case, where the jury is by law required to fix the sentence and the jury does not provide that any of the sentences on any count shall run consecutively to others, the trial judge in imposing sentences must impose them so that they run concurrently, and has no power to make any of them run consecutively; and that if he does so, these sentences to run consecutively are not valid sentences, and therefore

void. As was stated in the *Wade* case (p. 133): "We think it is clear that a superior court judge cannot modify sentence after the expiration of the term of court at which the sentence was imposed. See Code Ann. § 27-2502. However, if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time. See *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656)." We accordingly hold that the trial court erred in refusing to entertain and pass upon the motion in the present case, which we construe as a motion to enter a valid judgment of sentence as to Counts 6 through 30 inclusive, rather than a motion to modify a valid judgment. The judgment is reversed with direction that the sentences on Counts 6 through 30 inclusive be made to run concurrently with the sentences on Counts 1 through 5 inclusive, and that upon said resentencing the defendant be given credit for the time already served.

2. The state contends that we should make the ruling in the *Wade* case prospective only and not apply it to any cases prior to September 20, 1973, when the decision in that case was rendered. See in this connection: Stovall v. Denno, 388 U. S. 293, 297 (87 SC 1967, 18 LE2d 1199); Bassett v. Smith, 464 F2d 347, 349; Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U. S. 358, 364 (53 SC 145, 77 LE 360, 85 ALR 254); Warring v. Colpoys, 122 F2d 642, 645-647; Linkletter v. Walker, 381 U. S. 618 (85 SC 1731, 14 LE2d 601). The Supreme Court of this state pronounced the ruling of law which we follow here, and the Supreme Court made no such limitation upon its application. Under these circumstances, we do not feel we have authority to do so.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*

Submitted April 5, 1974 — Decided June 12, 1974.

*D. C. Campbell, Jr., Smith, Geer & Brimberry, Peter Zack Geer, Burt, Burt & Rentz, H. P. Burt,* for appellant.

*Arthur K. Bolton, Attorney General, George J. Hearn III, George D. Lawrence, Special Assistant Attorneys General,* for appellee.