Undercofler, Presiding Justice,
dissenting.
In 1972, the General Assembly proposed an amendment to the Georgia Constitution "so as to provide for concurrent jurisdiction over juvenile offenders in the Superior and Juvenile Courts . . .” by amending Art. VI, Sec. IV, Par. I of the Constitution to read as follows: "Paragraph 1. Exclusive jurisdiction except in juvenile cases. The Superior Courts shall have exclusive jurisdiction ... except in the case of juvenile offenders as provided by law. . .” Code Ann. § 2-3901. This proposed constitutional amendment was ratified on November 7, 1972.
This constitutional amendment merely authorized an Act to give the juvenile courts concurrent jurisdiction with the superior courts. It did not authorize a limitation or abrogation of the superior court’s jurisdiction.
In Mathis v. State, 231 Ga. 401 (5) (202 SE2d 73) this very question was presented to this court for decision. In that case this court relied on the decisions of Jackson v. Balkcom, 210 Ga. 412 (80 SE2d 319) and a case written by Mr. Justice Hall while a member of the Court of Appeals, J. E. v. State of Ga., 127 Ga. App. 589 (194 SE2d 288). I think that the ruling in the Mathis case is correct and that the judgment of the Court of Appeals in this case should be affirmed.
I respectfully dissent.
I am authorized to state that Chief Justice Nichols concurs in this dissent.